IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BOBBY WALKER, JR.**                                                                                    **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 1:20-cv-338-TBM-RPM**

**STATE OF MISSISSIPPI, ANGEL MYERS
MCILRATH, JUSTIN MICHAEL LOVORN
and JUDGE ROBERT P. KREBS**                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Bobby Walker, Jr., is a pretrial detainee at the Jackson County Adult Detention Center, and he brings this Complaint for damages, pursuant to 42 U.S.C. § 1983, challenging the conditions and revocation of his bail.[1] After review of the record and relevant legal authority, the Court finds that this case should be dismissed.

### I. BACKGROUND

Walker is currently housed at the Jackson County Adult Detention Center, awaiting trial on two different charges. Defendants are the State of Mississippi, prosecutors Angel Myers McIlrath and Justin Michael Lovorn, and Circuit Court Judge Robert P. Krebs.

On January 22, 2019, Walker claims the prosecutors moved for a number of bond conditions, which Judge Krebs granted. Walker contends these conditions hindered his ability to keep gainful employment and to attend social functions, and that they negatively impacted his finances. He also complains that he was forced to wear an ankle monitor, which prevented him from taking baths for a year. He further claims he was singled out for highly unusual and punitive restrictions on his pretrial release.

---

[1] Because the Complaint contained both Section 1983 and habeas claims, the habeas claims were severed from this case and opened in *Walker v. Mississippi*, civil action number 1:21-cv-26, on January 26, 2021.

Two such restrictions included that Walker refrain from drinking alcohol and that he avoid contact with minors other than his own children. During a hearing on March 2, 2020, Walker maintains that Lovorn accused him of breaking both of these conditions the day before and moved to revoke bail. "Mr. Lovorn says he was contacted by a witness by phone, and told [sic]" that Walker "was drinking with an underaged female the day before at a crawfish boil." [1] at pg. 15. Judge Krebs ordered an immediate urinalysis, which Walker admits he failed. Walker further concedes that he was drinking beer at his home, while hosting a crawfish boil. Walker admits he was talking to a nineteen-year-old female at the crawfish boil, and he says the girl's parents accompanied her from Walker's church. Judge Krebs purportedly revoked the bond based on the urinalysis results and ordered Lovorn to produce the witness to testify. The witness allegedly never testified.

Walker "believe[s] that [the unknown witness] and Lovorn conspired to have [the] bond revoked in some way." [19] at pg. 5. Walker "believe[s]" the unknown witness was a guest at the crawfish boil who:

> facilitated my revoked bond by bringing beer to my home for me to drink and waited for the opportunity to take what she believed to be a compromising picture of me with an underage girl. . . . I believe [the witness] either contacted Mr. Lovorn on his personal phone or gave this information to a third party . . . that contacted him.

*Id.* at 6. Walker "can't help but think" the witness "acted under the color of law when contacting Mr. Lovorn." *Id.*

Walker's attorney moved several times for reinstatement of bond and removal of the bond conditions. Judge Krebs denied the motions. In these hearings, Walker accused McIlrath and Lovorn of relying on an alcohol assessment that was never actually completed and of prejudicing

2

the court by recounting "things . . . related to my criminal case." *Id.* Walker further asserted that Judge Krebs is biased against him.

Walker initiated this civil action under 42 U.S.C. § 1983, seeking damages regarding both his bond conditions and revocation.

## II. DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* And when a court dismisses a claim as frivolous or malicious under the *in forma pauperis* statute, the dismissal is deemed with prejudice "unless the district court specifically dismisses without prejudice." *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997). The Court has permitted Walker to proceed *in forma pauperis* in this action. His Complaint is subject to

3

*sua sponte* dismissal under § 1915.

A. CLAIMS AGAINST THE STATE OF MISSISSIPPI

Section 1983 provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983 (emphasis added). The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Therefore, the claims against the State of Mississippi are dismissed as frivolous with prejudice. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) ("A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact . . . [*i.e.*,] if it is based on an indisputably meritless legal theory").

B. CLAIMS AGAINST THE PROSECUTORS

Walker claims that prosecutors Lovorn and McIlrath acted wrongfully in moving for restrictive bond conditions, moving for a revocation, and opposing bail reinstatement.

A prosecutor enjoys "the same absolute immunity under § 1983 that the prosecutor enjoys at common law." *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). Prosecutorial immunity covers conduct that is "intimately associated with the judicial phase of the criminal process." *Id.* at 430. This immunity extends to "initiating a prosecution and in presenting the State's case." *Id.* at 431.

McIlrath and Lovorn are being sued for pursuing restrictions on Walker's pretrial release. Moreover, Walker guesses that Lovorn conspired "in some way" to revoke his bail. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Bald accusations of conspiracy, unsupported by factual allegations, are insufficient to allege that the prosecutor acted outside of his prosecutorial role. *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991). All that is pled for certain is that Lovorn moved for a revocation based on information he received about Walker's alleged behavior. In other words, Lovorn pursued the State's case through the judicial process. Because this, and the remainder of the prosecutors' conduct, was intimately associated with the judicial phase of the criminal cases, McIlrath and Lovorn are entitled to dismissal with prejudice. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (finding that claims against state prosecutor were "properly dismissed with prejudice as frivolous[,]" where inmate alleged "no facts against the prosecutor that would destroy [his] absolute immunity").

C. CLAIMS AGAINST JUDGE KREBS

Finally, Walker contends that Judge Krebs is biased and has wrongfully set bond conditions that are too restrictive. Walker further alleges that the bond was improperly revoked and reinstatement of bail was denied. These claims concern actions taken in the course and scope of Judge Krebs' role as the judge presiding over Walker's criminal case.

A judge enjoys absolute immunity from a civil action when performing within his judicial capacity. *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). "Absolute immunity is immunity from

5

suit rather than simply a defense against liability and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Id.* (quoting *Boyd*, 31 F.3d at 284). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991).

The Fifth Circuit announced a four-factor test to determine whether a judge acted within the scope of his judicial capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). The four factors are:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* at 515. In applying the four factors to the facts alleged, it is clear that Judge Krebs is absolutely immune from this lawsuit. The decisions as to the conditions of pretrial release and whether to revoke or reinstate bond are clearly within the normal judicial functions which arose out of his official capacity. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (setting bail is a judicial function); *Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir. 2012) (denying bond is a judicial act); *Dye v. Hofbauer*, 197 F. App'x 378, 387 (6th Cir. 2006) (revoking bail is a judicial function). Furthermore, there is no indication that Judge Krebs' actions occurred outside the courtroom or his chambers. The controversy undisputedly centered around a case that is pending before Judge Krebs. Consequently, Walker cannot maintain this action against Judge Krebs, and the claims against him are dismissed with prejudice. *Boyd*, 31 F.3d at 285 (finding that Section 1983 claims against state

6

judge were "properly dismissed with prejudice as frivolous[,]" where inmate did "not complain of any actions taken by [the judge] that were nonjudicial in nature").

**IT IS THEREFORE ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE**. The claims against Defendants are dismissed as frivolous. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 21st day of April, 2021.

_____
TAYLOR B. MCNEEL
UNITED STATES DISTRICT JUDGE